## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **DAMON ELLIOTT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 07-0202 (JDB)** |
| | ) |
| **UNITED STATES DEPARTMENT** | ) |
| **OF AGRICULTURE** | ) |
| | ) |
| **Defendant.** | ) |

_____)

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant United States Department of Agriculture, by and through undersigned counsel, respectfully move this Court to dismiss Plaintiff's FOIA claims in this case for mootness. Alternatively, defendant moves for summary judgment because there are no material issues of fact and defendant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The grounds for this motion is set forth in the accompanying memorandum in support.

A statement of material facts not genuinely in dispute and draft order are also filed herewith.

Dated: April 18, 2007.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
KAREN L. MELNIK, D.C. BAR # 436451
Assistant United States Attorney
555 4TH Street, N.W. - Room E4112
Washington, D.C.  20530
(202) 307-0338

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMON ELLIOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-0202 (JDB)** |
| ) | |
| **UNTIED STATES DEPARTMENT** ) | |
| **OF AGRICULTURE** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

In this case, plaintiff is seeking the production of certain records pursuant to the Freedom of Information Act ("FOIA") relating to Beltsville Agricultural Research Center ("BARC"). Plaintiff's FOIA claim should be dismissed as moot because the United States Department of Agriculture provided plaintiff with all of the requested records on April 11, 2007. See Declaration of Stasia Hutchison ("Hutchison Decl.") at ¶ 12. To the extent plaintiff challenges the adequacy of the search for documents, the defendant moves for summary judgement. The attached declaration documents the efforts of the defendant to locate responsive documents for plaintiff - - resulting in 2036 pages of released materials. Accordingly, no genuine issue of material fact remains regarding the reasonable adequacy of the agency search and all responsive documents have been released; therefore, defendant is entitled to summary judgment as a matter of law.

# I. FACTUAL BACKGROUND

The relevant facts are contained in the attached Statement of Material Facts Not in Genuine Dispute.

# II. LEGAL STANDARDS

## A.    **Motion to Dismiss.**

Defendant moves for dismissal under Rule 12(b)(1), as the Court now lacks jurisdiction over the subject matter, and Rule 12(b)(6), as the plaintiffs fails to state a claim upon which relief can be granted.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999); aff'd , 38 Fed. Appx. 4 (D.C. Cir. 2002).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."  Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways.  First, the court may determine the motion based solely on the complaint.  Herbert, 974 F.2d at 197.  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic

information, and ultimately weigh the conflicting evidence.  See id.; Rann, 154 F. Supp. at 64.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the "Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  The Court must resolve all factual doubts in favor of the Plaintiff and allow the Plaintiff the benefit of all inferences.  See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in Plaintiff's favor.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint.  Kowal, 16 F.3d at 1276.  Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts.  Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).

## B.    Summary Judgment

In 1986, the Supreme Court issued three opinions that clarified the standards governing consideration of motions for summary judgment under Fed. R. Civ. P. 56.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc.,

477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984). Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247. The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case. Celotex, at 325. "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case." Id. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. Matsushita, 475 U.S. at 586. Fed. R. Civ. P. 56 requires the party opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986). To avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief.

In an opinion issued the same day as Celotex, the Supreme Court explained the circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . (T)he mere existence

4

of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown.  Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial.").  *See also* Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996), aff'd, 203 F.3d 51 (D.C. Cir. 1999).

The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  *See* Anderson, 477 U.S. at 247-248.  Perhaps most significantly, the Court authorized weighing the evidence at the summary judgment stage of litigation, stating that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for a trial.'" Id.  (citation omitted).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249-250 (citations omitted).  If the evidence is "merely colorable, or is not significantly probative," or the record taken as a whole could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper."  Id.; Matsushita, 475 U.S. at 587.

Thus, the non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (Matsushita at 586), or with "conclusory allegations

5

. . . unsubstantiated assertions, . . . or a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Importantly for this case, "[b]y pointing out the absence of evidence to support the nonmoving party's case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment." Shelborne v. Runyon, 1997 WL 527352 at **3, *citing* Celotex, 477 U.S. at 325.

In Celotex, the Supreme Court further instructed that the "(s)ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (*quoting* Fed.R.Civ.P. 1). A court should grant summary judgment if the moving party submits affirmative evidence that negates an essential element of the nonmoving party's claims or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Celotex, 477 U.S. at 331.

## III. ARGUMENT

### A.    Plaintiff's FOIA Claim Should Be Dismissed As Moot Because He Has Received All Requested Records

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies." Allen v. Wright, 468 U.S. 737, 750 (1984); see National Black Police Association v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974); see also City of Erie v. Pap's A.M., 529 U.S. 277, 305-06 (2000) (Scalia,

J. concurring).  In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies."  Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement subsists "through all stages of federal judicial proceedings."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  The effect of post-complaint changes in the facts or law on the continued existence of a particular controversy are assessed through the lens of mootness.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)).

As the Supreme Court has stated, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."  DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)); National Black Police Association, 108 F.3d at 349.  This inability of the federal judiciary "'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'"  DeFunis, 416 U.S. at 316 (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964)); see also City of Houston v. Department of Housing and Urban Development, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies") (quoting Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)).

"Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual,

ongoing controversies.' If events outrun the controversy such that the court can grant no

meaningful relief, the case should be dismissed as moot." McBryde v. Committee to Review

Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States,

264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); see also Pharmachemie B.V. v. Barr

Laboratories, Inc., 276 F.3d 627, 631 (D.C. Cir. 2002); Fraternal Order of Police v. Rubin, 134 F.

Supp.2d 39, 41 (D.D.C. 2001) (further noting that no justiciable controversy is presented when

the question to be adjudicated as been mooted by subsequent developments). In other words, the

controversy must exist at the outset of the litigation and continue throughout the existence of the

suit. See Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (citing

Arizonans for Official English, 520 U.S. 43). As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness]
> doctrine requires a federal Court to refrain from deciding it if "events have so
> transpired that the decision will neither presently affect the parties' rights nor have
> a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C.

Cir. 1990) (en banc)). See also Westmoreland v. National Transportation Safety Board, 833 F.2d

1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events,

the appeal must be dismissed as moot.") (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982)).[1]

In this case, the Court lacks subject matter jurisdiction because events subsequent to the

filing of the complaint have provided plaintiff with his requested relief and ended any live

---

[1] Mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).

controversy between the parties.  The complaint sought for this Court to order defendant to produce certain records pursuant to the FOIA.  On April 11, 2007, the defendant provided plaintiff with those records.  <u>See</u> Hutchison Decl. at ¶ 12.  Moreover, no withholdings were identified.  <u>See</u> <u>id.</u> at 11.  Plaintiff has, therefore, received the relief sought through the complaint, and there is no longer any judicial function for the Court to play.

In cases brought under the FOIA, once all documents have been released to the requester, the cases are properly dismissed on mootness grounds as there is no further judicial function for the Court to perform.  <u>See</u> <u>Crooker v. United States State Department</u>, 628 F.2d 9, 10 (D.C. Cir. 1980) ("[o]nce the records are produced [in a FOIA case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made"); <u>see also</u> <u>Tijerina v. Walters</u>, 821 F.2d 789, 799 (D.C. Cir. 1987); <u>Trueblood v. Dep't of Treasury</u>, 943 F. Supp. 64, 67 (D.D.C. 1996).  Similarly, an appeal from enforcement of a subpoena becomes moot once a party has come into compliance with the subpoena.  <u>See</u> <u>Office of Thrift Supervision v. Dobbs</u>, 931 F.2d 956, 957-58 (D.C. Cir. 1991) (citing numerous cases).

Defendant's mootness argument also finds support in other causes of action where a plaintiff's complaint seeks action on the part of a federal agency, and the action is performed during the pendency of the case.  For example, in <u>Action on Smoking and Health v. Department of Labor</u>, 28 F.3d 162, 163 (D.C. Cir. 1994), the plaintiff claimed that OSHA had "unreasonably delayed" in initiating a rulemaking proceeding.  Once OSHA issued a notice of proposed rulemaking, however, the Court found it unnecessary to reach the merits of the claim and dismissed on the basis of mootness.  <u>Id</u>. at 164.  Similarly, in <u>Shoreham-Wading River Central School District v. United States Nuclear Regulatory Commission</u>, 931 F.2d 102, 104 (D.C. Cir.

9

1991), petitioners filed a claim for relief based upon the Nuclear Regulatory Commission's

"failure to decide" a request for action under 10 C.F.R. § 2.206.  Once the Commission issued

the final decision, "the unlawful delay claim [was] therefore moot."    See also In re International

Union, United Mine Workers of America, 231 F.3d 51, 54 (D.C. Cir. 2000); In re Arcadian

Corp., 1995 WL 626501 (D.C. Cir. Oct. 4, 1999) (dismissing as moot petition to compel issuance

of OSHA decision once decision rendered and entered into the public record); Associated

Builders & Contractors, Inc. v. Herman, 976 F. Supp. 1, 8 (D.D.C. 1997) (claim attacking delay

moot once rulemaking issued).

Drawing upon these cases, it is clear dismissal on mootness grounds is warranted based

upon events subsequent to the filing of the complaint.  The FOIA claim sought only to compel

the defendant to produce the requested records.  See Complaint.  Plaintiff has received this relief.

See Hutchison Decl. at ¶ 12.  Even if plaintiff had a viable claim at the time the complaint was

filed, plaintiff has now received the decision sought.  See id.  Federal Rule of Civil Procedure

12(h)(3) directs that "[w]henever it appears by suggestion of the parties or otherwise that the

court lacks jurisdiction over the subject matter, the court shall dismiss the action."  Therefore,

plaintiff's claim should be dismissed as moot.

**B.    Defendant Is Entitled To Summary Judgment As A Reasonable And Adequate Search For Responsive Records Has Been Conducted.**

To the extent plaintiff challenges the adequacy of the search for responsive records,

defendant is entitled to Summary Judgment.  The declaration filed herewith establishes that

agency personnel conducted a manual search in the only location in which the requested records

might be located, culminating in 2036 pages of responsive records released to plaintiff.  See

Hutchison Decl. at ¶¶ 10-12.

10

In order for an agency to prevail when a plaintiff challenges the nature and extent of its search for responsive documents, the agency must show that it made "a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Nation Magazine v. United States Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 2003) (*quoting* Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). If an agency can establish that no responsive records exists, or that all responsive records have been released to the requester, then the agency's refusal to produce them should not be deemed an "improper" withholding and summary judgment should be granted. Coalition on Political Assassinations v. DOD, 12 Fed. Appx. 13, 14 (D.C. Cir. 2001) (*finding* search to be adequate even though no records were located; "[t]hat responsive documents may have once existed does not establish that they remain in the DOD's custody today").

In this case, defendant released all records that it located after using its best efforts to locate responsive records where those records would most likely exist. The fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). In other words, "the focus of the adequacy inquiry is not on the results." Hornbostel v. United States Dep't of the Interior, 305 F. Supp. 2d 21, 28 (D.D.C. 2003).

The reasonableness of the agency's search depends on the facts of each case. Meeropol v. Meese, 790 F.2d 942, 952 (D.C. Cir. 1986) (search is not unreasonable simply because it fails to produce all relevant materials). The reasonableness of a search is evaluated in light of the

specificity of the request.  Nation Magazine, 71 F.3d at 889.

Further, the agency is "not obligated to look beyond the four corners of the request for leads to the location of responsive documents." Kowalczak, 73 F.3d at 389 (holding that agency is not required to speculate about potential leads).  Agencies are not obligated to document the fate of records it cannot find.  Roberts v. United States Dep't of Justice, No. 92-1707, 1995 WL 356320, at *2 (D.D.C. Jan. 28, 1993); Miller, 779 F.2d at 1385 ("the Department is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in places in which they might be expected to be found.").

In demonstrating the reasonableness of a search an agency may rely upon reasonably detailed, non-conclusory affidavits submitted in good faith.  Weisberg, 705 F.2d at 1352. "Affidavits that explain in reasonable detail the scope and methods of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the Freedom of Information Act." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).  Such affidavits should show "that the search method was reasonably calculated to uncover all relevant documents." Oglesby, 920 F.2d at 68."  An adequate agency affidavit is accorded a presumption of good faith. Chilingirian v. United States Attorney Executive Office, 71 Fed. Appx. 571, 572 (6th Cir. 2003); Ground Saucer Watch, Inc. v. Central Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1982).

Once an agency has provided adequate affidavits, the burden shifts back to the plaintiff to demonstrate a lack of a good faith search.  Maynard v. CIA, 986 F.2d 547, 560 (1st Cir. 1993) (citing Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)). Consequently, a requester's "[m]ere speculation that as yet uncovered documents may exist does

not undermine the finding that the agency conducted a reasonable search for them." Oglesby, 920 F.2d at 67, n. 13 ("[H]ypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search."); Chamberlain v. United States Dep't of Justice, 957 F. Supp. 292, 294 (D.D.C. 1997) ("It is well established that '[a]gency affidavits enjoy a presumption of good faith that withstand[s] purely speculative claims about the existence and discoverability of other documents," (quoting Albuquerque Publ'g Co. v. United States Dep't of Justice, 726 F. Supp. 851, 860 (D.D.C. 1989)).  Therefore, if plaintiff fails to rebut the agency affidavits with evidence of bad faith, summary judgment is proper.  Miller, 779 F.2d at 1383.

Plaintiff has made multiple FOIA requests and has recently received thousands of pages of unredacted records.  See Hutchison Decl. at ¶¶ 4, 10-12   In this case, the agency conducted a more than reasonable and adequate search for responsive records by employing a method reasonably expected to produce such information, as evidenced by the attached declaration of Ms. Stasia Hutchison.  The declaration demonstrates that a good faith, reasonable search for BARC records was conducted.

In summary, the Department of Agriculture put forth a "good faith effort to conduct a search for responsive documents" by searching in the area where such records were likely to be found.  Olgesby, 920 F.2d at 68.  Therefore, absent allegations and proof of agency bad faith in conducting its search, defendant is entitled to summary judgment in this case.

## IV.  CONCLUSION

For all these reasons, the Court should dismiss this action, or alternatively, enter summary judgment in favor of the defendant.

Date: April 18, 2007

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436451
Assistant United States Attorney
555 4th Street, N.W. - Room E4112
Washington, D.C.  20530
(202) 307-0338

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss or, in the alternative, for Summary

Judgment was served by first-class mail on this 18th day of April, 2007, upon:

> Damon Elliott
> Register No. 31034-037
> F.C.C. USP
> P.O. Box 1034
> Coleman, FL.  33521

_____
Karen L. Melnik D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W. Rm E4112
Washington, D.C. 20530
(202) 307-0338

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,               )
                                )
            Plaintiff,       )
                                )
      v.                    )      Civil Action No. 07-0202 (JDB)
                                )
UNITED STATES DEPARTMENT OF   )
AGRICULTURE,               )
                                )
           Defendant.    )
_____)

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

    1.  By letters dated November 20, 2006, and December 5, 2006, plaintiff made requests under the FOIA to the FOIA unit of the ARS, USDA, for copies of the Notice of Acceptance ceding jurisdiction over the land of the Beltsville Agricultural Research Center ("BARC") from the State of Maryland to the United States, and for the report of the Attorney General of the United States that the United States had acquired a perfect title to the same land.  BARC is operated by the ARS, USDA.  See Declaration of Stasia Hutchison ("Hutchison Decl.") at ¶ 1and Exhibit 4 (November 20, 2006, letter) and Exhibit 2 (December 5, 2006, letter) attached thereto.

    2.  By letter dated December 29, 2006, the ARS FOIA unit made an initial reply to plaintiff's FOIA request.  See Hutchison Decl. at ¶ 5 and Exhibit 3 (December 29, 2006, letter) attached thereto.  The initial reply states that ARS does not maintain a copy of the Notice of Acceptance (correctly titled the Certificate of Acceptance) and referred plaintiff to the Prince Georges County Land Records Office for this record.  See id.  The initial reply also states that ARS maintains the requested report of the Attorney General with supporting documents, but that it is approximately 2,200 pages.  See id.

3. The search and copying costs of producing a copy would be $480. <u>See</u> <u>id</u>. Pursuant to USDA FOIA regulations, plaintiff is required to pay half of that fee before the copying of the records began. <u>See</u> <u>id</u>. The remainder of the fee would be due after plaintiff received the records. The letter gives plaintiff until January 19, 2007, to provide a $240 check. If the money is not received by that date, the request will be closed. <u>See</u> <u>id</u>.

4. On January 11, 2007, plaintiff filed the instant "Judicial Review Complaint" ("Complaint"). The Complaint refers to the above-referenced December 5, 2006, FOIA request. In his Complaint, plaintiff seeks a court order requiring the USDA "to disclose a copy of the Title." <u>See</u> Complaint at 2.

5. By letter dated January 17, 2007, in response to the ARS FOIA unit's initial reply of December 29, 2006, plaintiff states that he needs an additional sixty (60) days to collect the first half of the fee for the records. <u>See</u> Hutchison Decl. at ¶ 7 and Exhibit 4 (January 17, 2007, letter) attached thereto. Enclosed in plaintiff's letter was a copy of his inmate account statement showing a balance of $36.54. <u>See</u> <u>id</u>.

6. By letter dated January 29, 2007, the ARS FOIA unit replied to plaintiff's January 17, 2007, letter. <u>See</u> Hutchison Decl. at ¶ 8 and Exhibit 5 (January 29, 2007, letter) attached thereto. The ARS letter notes plaintiff's willingness to pay the fee, and grants his request for an extension of time to pay the first half of the fee. <u>See</u> <u>id</u>. The ARS letter states that plaintiff has until March 30, 2007 (60 days from the letter date) to pay the first half of the fee, and that if he did not do so his request would be closed. <u>See</u> <u>id</u>.

7. On March 8, 2007, the ARS FOIA unit received a check for $240 for the first half of the fee at issue in this FOIA matter. <u>See</u> Hutchison Decl. at ¶ 9.

2

8.  The records at issue were located in the Real Property Section, BARC, 10300 Baltimore Ave., Building 003, Room 308A, Beltsville, Maryland 20705.  See Hutchison Decl. at ¶ 10.  This section within BARC has administrative custody and control of all real property records of land and buildings at BARC that are held by ARS.  See id.  As such, this was the only location in which the requested records, which are real property records related to the BARC land area, might have been located.  See id.  The responsive records are all paper records.  See id. They were located by a manual search of the paper records in the Real Property Section.  See id. There were 2036 pages of responsive records, including the requested title and supporting records.  See id.

9.  These records were reviewed for possible withholdings under the withholding exemptions of the FOIA.  No withholdings were identified.  See Hutchison Decl. at ¶ 11.

10. On April 11, 2007, the 2036 pages of responsive records were sent by first class mail to plaintiff.  See Hutchison Decl. at ¶ 12.  This mailing of records to plaintiff was the full provision of all records responsive to his above-referenced FOIA request.  All of these records were provided without redaction of any kind, so ARS has no remaining records responsive to this FOIA request that have not been provided in full to plaintiff.  See id.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

3

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436451
Assistant United States Attorney
555 4th Street, N.W. - Room E4112
Washington, D.C.  20530
(202) 307-0338

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                   |     |                               |
|-----------------------------------|-----|-------------------------------|
| DAMON ELLIOTT,                     | )   |                               |
|                                    | )   |                               |
| Plaintiff,                         | )   |                               |
|                                    | )   |                               |
| v.                                 | )   | Civil Action No. 07-0202 (JDB) |
|                                    | )   |                               |
| UNITED STATES DEPARTMENT           | )   |                               |
| OF AGRICULTURE                     | )   |                               |
|                                    | )   |                               |
| Defendant.                         | )   |                               |

_____)

**ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss or, in the alternative, for summary judgment, the grounds stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of _____, hereby:

ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that this case is hereby DISMISSED WITH PREJUDICE.


_____
UNITED STATES DISTRICT JUDGE

cc:

Karen L. Melnik
Assistant U.S. Attorney
United States Attorney's Office
Judiciary Building, Rm. E 4112
555 Fourth Street, N.W.
Washington, D.C.  20530

Damon Elliott
Register No. 31034-037
F.C.C. USP
P.O. Box 1034
Coleman, FL.  33521

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,          )
                               )
             Plaintiff,     )
                               )
     v.                  )     Civil Action No. 07-0202 (JDB)
                               )
UNITED STATES DEPARTMENT OF   )
AGRICULTURE,            )
                               )
             Defendant.   )
_____)

### Declaration of Stasia Hutchison

1. I, Stasia Hutchison, am the Freedom of Information Act ("FOIA") Coordinator; Agricultural Research Service ("ARS"); Research, Education, and Economics; United States Department of Agriculture ("USDA"); George Washington Carver Center; Beltsville, Maryland.

2. Pursuant to my official duties in that position, I am familiar with the records and events described in this declaration.

3. The plaintiff in the above-captioned civil action, Damon Elliott, is a prisoner in the Federal correctional facility in Coleman, Florida. The defendant is the USDA.

4. By letters dated November 29, 2006, and December 5, 2006, plaintiff made requests under the FOIA to the FOIA office of the ARS, USDA, for copies of the Notice of Acceptance ceding jurisdiction over the land of the Beltsville Agricultural Research Center ("BARC") from the State of Maryland to the United States, and for the report of the Attorney General of the United States that the United States had acquired a perfect title to the same land. BARC is operated by the ARS, USDA. See Exhibit 1 (November 29, 2006, letter) and Exhibit 2 (December 5, 2006, letter) attached hereto.

1

5. By letter dated December 29, 2006, the ARS FOIA office made an initial reply to plaintiff's FOIA request. See Exhibit 3 (December 29, 2006, letter) attached hereto. The initial reply states that ARS does not maintain a copy of the Notice of Acceptance (correctly titled the Certificate of Acceptance) and referred plaintiff to the Prince Georges County Land Records Office for this record. See id. The initial reply also states that ARS maintains the requested report of the Attorney General with supporting documents, but that it is approximately 2,200 pages. See id. The search and copying costs of producing a copy would be $480. See id. Pursuant to USDA FOIA regulations, plaintiff is required to pay half of that fee before the copying of the records began. See id. The remainder of the fee would be due after plaintiff received the records. The letter gives plaintiff until January 19, 2007, to provide a $240 check. If the money is not received by that date, the request will be closed. See id.

6. On January 11, 2007, plaintiff filed the instant "Judicial Review Complaint" ("Complaint"). The Complaint refers to the above-referenced December 5, 2006, FOIA request. In his Complaint, plaintiff seeks a court order requiring the USDA "to disclose a copy of the Title." See Complaint at 2.

7. By letter dated January 17, 2007, in response to the ARS FOIA office's initial reply of December 29, 2006, plaintiff states that he needs an additional sixty (60) days to collect the first half of the fee for the records. See Exhibit 4 (January 17, 2007, letter) attached hereto. Enclosed in plaintiff's letter was a copy of his inmate account statement showing a balance of $36.54. See id.

8. By letter dated January 29, 2007, the ARS FOIA office replied to plaintiff's January 17, 2007, letter. See Exhibit 5 (January 29, 2007, letter) attached hereto. The ARS letter notes plaintiff's willingness to pay the fee, and grants his request for an extension of time to pay the first half of the fee. See id. The ARS letter states that plaintiff has until March 30, 2007 (60 days from the letter date) to pay the first half of the fee, and that if he did not do so his request would be closed. See id.

9. On March 8, 2007, the ARS FOIA unit received a check for $240 for the first half of the fee at issue in this FOIA matter.

10. The records at issue were located in the Real Property Section, BARC, 10300 Baltimore Ave., Building 003, Room 308A, Beltsville, Maryland 20705. This section within BARC has administrative custody and control of all real property records of land and buildings at BARC that are held by ARS. As such, this was the only location in which the requested records, which are real property records related to the BARC land area, might have been located. The responsive records are all paper records. They were located by a manual search of the paper records in the Real Property Section. There were 2036 pages of responsive records, including the requested title and supporting records.

11. These records were reviewed for possible withholdings under the withholding exemptions of the FOIA. No withholdings were identified.

12. On April 11, 2007, the 2036 pages of responsive records were sent by first class mail to plaintiff. This mailing of records to plaintiff was the full provision of all records responsive to his above-referenced FOIA requests. All of these records were provided without redaction of any kind, so ARS has no remaining records responsive to this FOIA request that have not been provided in full to plaintiff.

I declare under penalty of perjury that the foregoing is true and correct. Executed on __4/12/07__.
Executed under 28 U.S.C. 1746

Stasia Hutchison
FOIA Coordinator
Agricultural Research Service
Research, Education, and Economics
United States Department of Agriculture
George Washington Carver Center
Beltsville, Maryland

Damon Elliott 31034-037
F.C.C. U.S.P.
P.O. Box 1034
Coleman, FL. 33521

November 29, 2006

RE: F.O.I.A. REQUEST

Dear Ms. Hutchison:

I want to purchase a copy of the "Notice of such Acceptance Document" ceding of jurisdiction with the Governor of the State of Maryland, and the report of the Attorney General of the United States that a perfect title had been secured over the lands of the Beltsville Agriculture Research Center in Beltsville Md. pursuant Title 40 U.S.C. §255.

Damon Elliott



Damon Elliott 31034·037
F.C.C. U.S.P.
P. O. Box 1034
Coleman, FL. 33521

            December 5, 2006
            RE: F. O. I. A. REQUEST

Dear Ms. Hutchison :

    Title 40 U.S.C. § 255 provides :

    that acceptance by the Federal
Government of exclusive or concurrent
jurisdiction cannot be presumed, but
must be demonstrated by filing a
notice with the Legislature of the
State of Maryland and the report of
the Attorney General of the United
States that a perfect title had
been secured over the land of the
Beltsville Agriculture Research Center.
    Mr. Elliott request a copy of
the notice of acceptance; and report.

            Damon Elliott





United States Department of Agriculture

Research, Education and Economics
Agricultural Research Service

December 29, 2006

Mr. Damon Elliott
31034-037
United States Penitentiary
P.O. Box 1034
Coleman, Florida 33521

Dear Mr. Elliott:

This is in response to your November 29 and December 5, 2006, Freedom of Information Act
(FOIA) requests for "a copy of the 'Notice of such Acceptance Document' ceding of
jurisdiction with the Governor of the State of Maryland, and the report of the Attorney General
of the United States that a perfect title had been secured over the land of the Beltsville
Agricultural Research Center (BARC), Beltsville, Maryland."

As stated in our January 27, 2003, letter in response to previous FOIA requests submitted by
you for the "Certificate of Acceptance" of Legislative Jurisdiction pursuant to Article 1,
Section 8, Clause 17, and Title 40 U.S.C. SS255," ARS does not maintain a copy of this
certificate. In our letter, you were directed to the Prince George's Land Records Office to
obtain a copy; a copy of our January 27, 2003, letter is enclosed for your information.

In response to your request for the reports of the Attorney General that a perfect title had been
secured over the BARC land, we maintain approximately 2,200 pages that contain the Attorney
General reports along with the supporting documentation. As an "all other requester" you are
entitled to 2 hours of search time free along with the first 100 page. Therefore, the cost for this
information would be $480, which includes 5 hours of search time plus 2,200 pages at 20 cents
per page minus the cost of the first 2 hours of search time and the first 100 pages. The
U.S. Department of Agriculture regulations at 7 CFR Part 1, Subpart A., Appendix A, Section 8,
allow our agency to require an advance payment of an amount up to the full estimated charges
(but not less than 50 percent) from a requester before any of the requested materials are
reproduced. Therefore, you should submit a check in the amount of $240, which is half of the
estimated charges, to this office. Please make your check payable to "Treasurer of the United
States" and send it to:

> FOIA Coordinator, ARS
> U.S. Department of Agriculture
> 5601 Sunnyside Avenue, Mail Stop 5128
> Beltsville, Maryland 20705-5128.

Please reference FOIA 07-53 on your check. Once your payment is received, we will proceed to
copy the requested documents. You will be billed the outstanding balance at the time the
documents are provided to you.



Your request has been placed in our pending file until we receive a check from you. If this office does not hear back from you by January 19, 2007, your request will be closed.

Sincerely,

STASIA A.M. HUTCHISON
Freedom of Information Act
 Coordinator

Enclosure
 January 27, 2003, letter

FOIA 07-53

Damon Elliott 31034·037
F.C.C.  U.S.P.
P.O. Box 1034
Coleman, Fl. 33521

1-17-2007
RE: $480.00 / F.O.I.A. 07·53

Dear Ms. Hutchison:

I need an additional (60) days
to accumulate half of requested
amount. see Account Statement enclose.
I don't make that much money, in (a)
days.

I receive your letter on the 10th of
January 2007, and you request the money
by the 19th of Jan. 2007.

Damon Elliott

07-53





**United States Department of Agriculture**

Research, Education and Economics
Agricultural Research Service

January 29, 2007

Mr. Damon Elliott
31034-037
United States Penitentiary
P.O. Box 1034
Coleman, Florida 33521

Dear Mr. Elliott:

This is in response to your January 17, 2007, letter regarding the fees associated with processing your November 29 and December 5, 2006, Freedom of Information Act (FOIA) requests for "a copy of the 'Notice of such Acceptance Document' ceding of jurisdiction with the Governor of the State of Maryland, and the report of the Attorney General of the United States that a perfect title had been secured over the land of the Beltsville Agricultural Research Center (BARC), Beltsville, Maryland."

In your January 17 letter, you indicate a willingness to pay the fees associated with your request and request an extension for submitting your deposit. As stated in our previous letter, we anticipate the cost to be $480, which includes 5 hours of search time plus 2,200 pages at 20 cents per page minus the cost of the first 2 hours of search time and the first 100 pages. You should submit a check to this office in the amount of $240, which is half of the estimated charges. Please make your check payable to "Treasurer of the United States" and send it to:

>FOIA Coordinator, ARS
>U.S. Department of Agriculture
>5601 Sunnyside Avenue, Mail Stop 5128
>Beltsville, Maryland 20705-5128.

Please reference FOIA 07-53 on your check. Once your payment is received, we will proceed to copy the requested documents. You will be billed the outstanding balance at the time the documents are provided to you. Your request has been placed in our pending file until we receive a check from you. If this office does not hear back from you by March 30, 2007, your request will be closed.

Sincerely,

STASIA A.M. HUTCHISON
Freedom of Information Act
  Coordinator

FOIA 07-53

