UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,
    Plaintiff,

v.               Civil Action No. 07-0202 (JDB)

UNITED STATES
DEPARTMENT OF AGRICULTURE,
    Defendant.

RECEIVED
MAY 18 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S OPPOSITION RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff requested under the F.O.I.A. "a copy of the 'Notice of such Acceptance Document' ceding of jurisdiction with the Governor of the State of Maryland and the report of the Attorney General of the United States that a perfect title had been secured over the land of the Beltsville Agriculture Research Center (B.A.R.C.) Beltsville Maryland."

## FACTUAL BACKGROUND

The relevant facts are contained in the attached Statement of Material Facts in Genuine Dispute.

Plaintiff was convicted on August 29, 1997, in the U.S. District Court for the District of Maryland (97-053 PJM) for the accusation of violating 18 U.S.C. § 2241. The Government Witness, Pamela Ann Cochran testified that the crime transpired in Building 22, on the B.A.R.C.

Plaintiff FOIA request relates to <u>Title 40 U.S.C. § 255</u>.

## STATEMENT OF FACTS

The defendant located 2036 pages at the cost of $447.20.

In defendant's April 5, 2007 response, plaintiff was inform that on March 8, 2007, ARS FOIA UNIT, USDA office received a check for $240 from Sara Elliott to cover half of the estimated $447.20 FOIA processing fees. Therefore, the balance due to this office for processing plaintiff request is $207.20. See <u>Attach</u>, and <u>Hutchison Decl.</u> at 9.

On April 11, 2007, the 2036 pages of responsive records were sent by first class mail to plaintiff. This mailing of records to plaintiff was the full provision of all records responsive to his above-referenced FOIA requests. All of these records were provided without redaction of any kind, so ARS has no remaining records responsive to this FOIA request that have not been provided in full to plaintiff. see Hutchison Decl. at 12.

## SUMMARY JUDGMENT

Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'" Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000)(quoting McGhee v. CIA, 697 F.2d 1095, 1102 (D.C. Cir. 1983)); see also Nat'l Sec. Studies, 331 F.3d 927.

If plaintiff fail to rebut the agency

affidavits with evidence of bad faith, summary judgment is proper. <u>Miller v. United States Dep't of State</u>, 779 F.2d 1378, 1383 (8th Cir. 1985)

To avoid summary judgment, the plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

## ARGUMENT

### Plaintiff's FOIA Claim Should Not Be Dismissed As Moot Because He Has Not Received All Requested Records

Plaintiff submits his own affidavit as evidence contradicting the assertions in defendant documents.

In cases brought under the FOIA, once all documents have been released to the requester, the cases are properly dismissed on mootness grounds as there is no further judicial function for the Court to perform. <u>See</u> <u>Crooker v. United States State Department</u>, 628 F.2d 9, 10 (D.C. Cir 1980) ("[o]nce the records are produced [in a FOIA

case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made"); see also <u>Tijerina v. Walters</u>, 821 F.2d 789, 799 (D.C. Cir. 1987).

## BAD FAITH ON THE PART OF THE AGENCY

In this case, Stasia Hutchison declaration declared under penalty of perjury that the foregoing is true and correct. <u>see</u> <u>Hutchison Decl.</u> at <u>12</u>.

Plaintiff was not provided with the full provision of all records responsive to his above-referenced FOIA request as the defendant claim. <u>see</u> <u>attach</u>

## ARGUMENT NO. 2

Bad Faith On The Part Of The Agency

Plaintiff submits his own documentary evidence

contradicting the defendant's assertion.

In April of 2002, and April of 2003, plaintiff made this same request to the defendant for the purchase of a copy of the 'Notice of Acceptance' of legislative jurisdiction documents over B.A.R.C. pursuant to Title 40 USC § 255.

The defendant responded to plaintiff request on May 9, 2002, and April 21, 2003, and directed him both times to purchase the documents from "The Land Records Dep't County Admin., Bldg., in Upper Marlboro, Maryland." see exhibits

## ARGUMENT NO. 3

Plaintiff believe there is a procedural deficiency (e.g., Fees are improperly calculated) and the defendant neglected to address any aspects of plaintiff Supplement Motion so the Court must accept it as true.

## CONCLUSION

Because the defendant coanly provided plaintiff with the first half of the 2036 pages, he request the assistance from the Court, and/or any other Remed[es] or Order[s] to insure plaintiff receives all 2036 pages from defendant.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,
    Plaintiff,

v.                    Civil Action No. 07-0202 (JDB)

UNITED STATES
DEPARTMENT OF AGRICULTURE,
    Defendant.

## STATEMENT OF MATERIAL FACTS IN DISPUTE

1. Hutchison Decl. at 12.

2. Plaintiff's Supplement Motion.

3. See Attach.

4. See Exhibits.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition Response to Defendant's Motion for Summary Judgment was served by first-class mail on this 15th day of May, 2007, upon:

Karen L. Melnik
Assistant United States Attorney
555 4TH St., N.W. RM. E4112
Washington, D.C. 20530

Damon Elliott 31034-037
F.C.C. U.S.P.
P.O. Box 1034
Coleman, Fl. 33521