UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAMON ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0202 (JDB) |
| | ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

In response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def. Motion"), plaintiff fails to comply with LCvR 7(h), thus Defendant's Statement of Material Facts should be deemed admitted. To the extent plaintiff addresses defendant's arguments, he makes unsupported allegations regarding defendant's alleged bad faith.[1] Lastly, it appears that plaintiff mistakenly believes that since he only had to pay half of the processing fees, that he only received half of the requested documents. In fact, plaintiff received *all* of the responsive records, thus his FOIA claim should be dismissed as moot. See Declaration of Stasia Hutchison ("Hutchison Decl.") at ¶ 12. To the extent plaintiff challenges the adequacy of the search for documents, defendant moves for summary judgment. The Hutchison Declaration documents the efforts of defendant to locate responsive documents for plaintiff - - resulting in 2036 pages of released materials. Accordingly, no genuine issue of material fact remains

---

[1] While Plaintiff's Opposition refers to (1) "Plaintiff's Supplement Motion," (2) attachments, and (3) exhibits, none of these accompanied plaintiff's filing.

regarding the reasonable adequacy of the agency search and all responsive documents have been released; therefore, defendant is entitled to summary judgment as a matter of law.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss.

Defendant moves for dismissal under Rule 12(b)(1), as the Court now lacks jurisdiction over the subject matter, and Rule 12(b)(6), as the plaintiff fails to state a claim upon which relief can be granted.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999); aff'd, 38 Fed. Appx. 4 (D.C. Cir. 2002).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."  Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in plaintiff's favor.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set

out in the complaint.  Kowal, 16 F.3d at 1276.  Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts.  Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).

### B.  Summary Judgment

Local Rule 7(h) requires that an opposition to a motion for summary judgment be accompanied by "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  The opposing statement of genuine issues must respond directly to the factual statements asserted in the motion for summary judgment.  As stated in the rule:

> In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is disputed in the statement of genuine issues filed in opposition to the motion.

LCvR 7(h) (emphases added).  See also LCvR 56.1.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  A genuine issue of material fact is one that

could change the outcome of the litigation.  Id. at 247.  The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case.  Celotex, at 325.  "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case." Id.  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial.  Matsushita, 475 U.S. at 586.  Fed. R. Civ. P. 56 requires the party opposing summary judgment to go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions set forth "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986).  To avoid summary judgment, the plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief.

**III. ARGUMENT**

    **A.    Plaintiff's FOIA Claim Should Be Dismissed As Moot Because He Has Received All Requested Records**

In this case, the Court lacks subject matter jurisdiction because events subsequent to the filing of the complaint have provided plaintiff with his requested relief and ended any live controversy between the parties.  It appears that plaintiff may mistakenly believe that since he was required to pay only half of the processing fees, that he received only half of the responsive documents.  This is false.  Pursuant to 7 CFR 1.15( c ) and 7 CFR Part 1, Subpart A, Appendix A, Section 8, defendant is permitted to require payment of half of the processing fees in advance.  The regulation further allows the defendant to withhold replies to subsequent requests, if fee

payments from a requester are delinquent.  See id.  However, there is no provision which provides for the release of half of the requested records.

The complaint sought for this Court to order defendant to produce certain records pursuant to the FOIA.  On April 11, 2007, the defendant provided plaintiff with those records.  See Hutchison Decl. at ¶ 12.  Moreover, no withholdings were identified.  See id. at 11.  Plaintiff has, therefore, received the relief sought through the complaint, and there is no longer any judicial function for the Court to play.

In cases brought under the FOIA, once all documents have been released to the requester, the cases are properly dismissed on mootness grounds as there is no further judicial function for the Court to perform.  See Crooker v. United States State Department, 628 F.2d 9, 10 (D.C. Cir. 1980) ("[o]nce the records are produced [in a FOIA case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made"); see also Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).  Similarly, an appeal from enforcement of a subpoena becomes moot once a party has come into compliance with the subpoena.  See Office of Thrift Supervision v. Dobbs, 931 F.2d 956, 957-58 (D.C. Cir. 1991) (citing numerous cases).

Drawing upon these cases, it is clear dismissal on mootness grounds is warranted based upon events subsequent to the filing of the complaint.  The FOIA claim sought only to compel the defendant to produce the requested records.  See Complaint.  Plaintiff has received this relief.  See Hutchison Decl. at ¶ 12.  Even if plaintiff had a viable claim at the time the complaint was filed, plaintiff has now received the relief sought.  See id.  Federal Rule of Civil Procedure 12(h)(3) directs that "[w]henever it appears by suggestion of the parties or otherwise that the

5

court lacks jurisdiction over the subject matter, the court shall dismiss the action." Therefore, plaintiff's claim should be dismissed as moot.

   **B. Defendant Is Entitled To Summary Judgment As A Reasonable And Adequate Search For Responsive Records Has Been Conducted.**

To the extent plaintiff challenges the adequacy of the search for responsive records, defendant is entitled to Summary Judgment. The declaration filed herewith establishes that agency personnel conducted a manual search in the only location in which the requested records might be located, culminating in 2036 pages of responsive records released to plaintiff. See Hutchison Decl. at ¶¶ 10-12.

In order for an agency to prevail when a plaintiff challenges the nature and extent of its search for responsive documents, the agency must show that it made "a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Nation Magazine v. United States Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 2003) (*quoting* Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990)). If an agency can establish that no responsive records exists, or that all responsive records have been released to the requester, then the agency's refusal to produce them should not be deemed an "improper" withholding and summary judgment should be granted. Coalition on Political Assassinations v. DOD, 12 Fed. Appx. 13, 14 (D.C. Cir. 2001) (*finding* search to be adequate even though no records were located; "[t]hat responsive documents may have once existed does not establish that they remain in the DOD's custody today").

In this case, defendant released all records that it located after using its best efforts to locate responsive records where those records would most likely exist. See Def. Mot. at 11-13.

Although plaintiff makes allegations of bad faith, he provides no proof; therefore, defendant is entitled to summary judgment in this case.

## IV. CONCLUSION

For all these reasons, the Court should dismiss this action, or alternatively, enter summary judgment in favor of the defendant.

Date: May 22, 2007

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436451
Assistant United States Attorney
555 4th Street, N.W. - Room E4112
Washington, D.C. 20530
(202) 307-0338

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply in Support of Motion to Dismiss or, in the alternative, for Summary Judgment was served by first-class mail on this 22nd day of May, 2007, upon:

>Damon Elliott
>Register No. 31034-037
>F.C.C. USP
>P.O. Box 1034
>Coleman, FL.  33521

>_____
>Karen L. Melnik D.C. Bar # 436452
>Assistant United States Attorney
>555 4th Street, N.W. Rm E4112
>Washington, D.C. 20530
>(202) 307-0338