UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,

    Plaintiff,

       v.

UNITED STATES DEPARTMENT OF
AGRICULTURE,

    Defendant.

Civil Action No. 07-202 (JDB)

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment.[1] Having considered the motion, plaintiff's opposition, and the entire record of the case, the Court will grant summary judgment for defendant.

I.  BACKGROUND

Plaintiff brings this civil action against the United States Department of Agriculture ("USDA") under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. *See* Compl. at 1. On November 29, 2006, plaintiff submitted the following FOIA request:[2]

> I want to purchase a copy of the "Notice of such Acceptance
> Document" ceding of jurisdiction with the Governor of the State of
> Maryland, and the report of the Attorney General of the United States
> that a perfect title had been secured over the lands of the Beltsville

---

[1] Given the resolution of defendant's dispositive motion, the Court will deny as moot plaintiff's pending motions for appointment of counsel and for leave to file out of time.

[2] Plaintiff does not mention the November 29, 2006 request in his complaint.

>Agricultural Research Center in Beltsville[,] Md. pursuant to Title 40 U.S.C. § 255.

Mem. of P. & A. in Supp. of Mot. to Dismiss or, in the Alternative, for Summ. J. (Def.'s Mot."), Declaration of Stasia Hutchison ("Hutchison Decl."), Ex. 1 (Nov. 29, 2006 FOIA Request) (emphasis in original). He sent the request to the attention of the Freedom of Information Act Officer at the USDA's Agricultural Research Service ("ARS"). Hutchison Decl. ¶ 4. On December 5, 2006, plaintiff submitted to the USDA a separate FOIA request which stated:

> TITLE 40 U.S.C. § 255 PROVIDES:
> . . . "that acceptance by the Federal Government of exclusive or concurrent jurisdiction cannot be presumed but must be demonstrated by filing a notice with the Legislature of the State of Maryland and the report of the Attorney General of the United States that a perfect title had been secured" . . . over the land of the Beltsville Agricultural Research Center.
> The patron want to purchase title, pursuant to this statute.

Compl., Attach. (Dec. 5, 2006 FOIA Request) (capitalization, quotation marks, ellipses and emphasis in original).[3]

The USDA's initial response referred to both requests. First, regarding the certificate of acceptance, the USDA referred to its January 27, 2003 response to plaintiff's prior FOIA request "for the 'Certificate of Acceptance' of Legislative Jurisdiction pursuant to Article 1, Section 8, Clause 17, and Title 40 U.S.C. [§] 255,'" and repeated that the "ARS does not maintain a copy of this certificate." Hutchinson Decl., Ex. 3 (Dec. 29, 2006 letter from S.A.M. Hutchison, FOIA

---

[3] The copy of the December 5, 2006 FOIA request received by the USDA is slightly different than the copy attached to plaintiff's complaint. *See* Hutchison Decl., Ex. 2. Its copy, too, cites 40 U.S.C. § 255 and plaintiff again "request[s] a copy of the notice of acceptance and report." *Id*.

Coordinator, ARS) at 1.  Its response again suggested that plaintiff request a copy of this certificate from the land records office of Prince George's County, Maryland.  *Id.*

Regarding the Attorney General report, the USDA advised plaintiff that it maintained "approximately 2, 200 pages that contain the Attorney General reports along with the supporting documentation."  Hutchison Decl., Ex. 3 at 1.  It estimated that fees for conducting a search and making copies totalled $480, half of which plaintiff must pay in advance.  *Id.*  On March 8, 2007, the USDA received a check for $240, and released in full 2,036 pages of records, including the requested title and supporting documents.[4]  *Id.* ¶¶ 9-12.

Plaintiff treats the USDA's "incomplete response . . . as a denial of his F.O.I.A. request and seek[s] judicial review."  Compl. at 2.  He demands release of "a copy of the Title pursuant to Title 40 U.S.C. § 255" and, if he prevails, an award of fees associated with this action.  *Id.*

## II.  DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own

---

[4]    It does not appear that the USDA collected the balance of the fees.  *See* Def.'s Reply in Supp. of Mot. to Dismiss or, in the Alternative, for Summ. J. at 1.

affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when those affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982). In the absence of contrary evidence, such

affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. But if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

The USDA explains that responsive records were found in the Real Property Section of the Beltsville Agricultural Research Center ("BARC") in Beltsville, Maryland. Hutchison Decl. ¶ 10. The Real Property Section "has administrative custody and control of all real property records of land and buildings at BARC that are held by the ARS." *Id.* This is the only location where the requested records, "which are real property records related to the BARC land area, might have been located." *Id.* These are paper records that were searched manually. *Id.*

Plaintiff articulates no challenge to the adequacy of the USDA's search for records responsive to his FOIA request. Having reviewed the USDA's supporting declaration, the Court concludes that its search was "reasonably calculated to uncover all relevant documents." *Valencia-Lucena*, 180 F.3d at 325.

### D.  Release of Responsive Records

The agency bears the burden of justifying any decision to withhold records or portions of records, *see* 5 U.S.C. § 552(a)(4)(B), and may meet its burden through a declaration that describes the records withheld and shows that the records fall within the claimed exemption or exemptions. *Canning v. United States Dep't of Justice*, 848 F. Supp. 1037, 1043 (D.D.C. 1994). In this case, the USDA has released all responsive records in full and has sent them to plaintiff by first class mail. Hutchison Decl. ¶¶ 11-12.

Plaintiff counters that he "was not provided with the full provision of all records responsive to his above-referenced FOIA request as the defendant claim[s]." Pl.'s Opp'n Resp.

to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") at 5.  In addition, he accuses the USDA of bad faith for suggesting that it has released all records when it has, on two prior occasions, referred him to the land records office of Prince George's County.  *Id.* at 5-6.  In support of his arguments, he refers to exhibits and attachments which were not submitted with his opposition.  *See id.*

The USDA's response is not undermined by plaintiff's referral to Prince George's County land records since those would not be within the custody and control of the USDA or any other federal agency.  Moreover, the USDA's declaration is "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  *SafeCard Servs., Inc.*, 926 F.2d at 1200 (citation omitted).  Plaintiff's bare assertions are far too insubstantial to rebut this presumption.

### III.  CONCLUSION

The USDA demonstrates that it has conducted adequate and reasonable searches for records responsive to plaintiff's FOIA request, that it released responsive records in full, and that it has complied with its obligations under FOIA.  Accordingly, the Court will grant the USDA's motion for summary judgment.  Plaintiff's motions for appointment of counsel and for leave to file out of time will be denied as moot. An Order consistent with this Memorandum Opinion will be issued separately.

/s/
JOHN D. BATES
United States District Judge

Date:  August 24, 2007