UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
AGRICULTURE,

    Defendant.

Civil Action No. 07-202 (JDB)

## ORDER

This matter is before the Court on plaintiff's "Motion for Reconsideration Fed. R. C[iv]. P. 52(a)." Notwithstanding the Court's August 24, 2007 Memorandum Opinion and Order granting summary judgment for defendant, plaintiff now asks for findings of fact and conclusions of law with respect to defendant's compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in its response to his request for records pertaining to ownership of land on which the Beltsville Agricultural Research Center is located.

Rule 52(a) of the Federal Rules of Civil Procedure, which requires the Court to make findings of facts and conclusions of law in an action tried without a jury, does not apply to this case. Instead, the Court construes this motion for reconsideration as a motion to alter or amend judgment filed under Rule 59(e) of the Federal Rules of Civil Procedure.[1] Motions under Rule

---

[1] Plaintiff mailed his motion within 10 days of entry of the August 24, 2007 Memorandum Opinion and Order, and the Court deems his motion filed on the date it was mailed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (notice of appeal filed when petitioner delivered it to prison authorities for forwarding to Clerk of Court). A motion for reconsideration filed within 10 days of entry of the challenged order is treated as a motion under Rule 59(e). *See, e.g., Derrington-Bey v. District of Columbia Dep't of Corr.*, 39 F.3d 1224, 1226 (D.C. Cir. 1994).

59(e) are disfavored, and relief under the rule is granted only when the moving party establishes extraordinary circumstances. *See Anyanwutaku v. Moore,* 151 F.3d 1053, 1057 (D.C. Cir. 1998) (noting that Rule 59(e) motions generally are not granted absent intervening change of controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice). A Rule 59(e) motion is not a second opportunity to present arguments upon which the Court already has ruled or to present arguments that could have been presented earlier. *See W.C. & A.N. Miller Co. v. United States,* 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States,* No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999).

In this motion, plaintiff challenges the calculation of fees and costs associated with his FOIA request. The record shows that defendant located approximately 2,200 pages of responsive records, and required payment of at least half of the $480 estimated fee before it would begin to copy those records. Upon receipt of plaintiff's $240 partial payment, defendant released 2,036 pages of records in full. Plaintiff considered this response incomplete, evidently on the belief that defendant released only half of the responsive records because plaintiff paid only half of the estimated fee.

The record does not support plaintiff's assertions. Defendant's supporting declaration makes clear that it released nearly all of the responsive records in full, even though plaintiff paid only half of the estimated fee associated with the request. Plaintiff's bare assertions alone do not rebut the presumption of good faith accorded to such agency declarations, and in this motion he establishes no extraordinary circumstances to warrant reconsideration under Rule 59(e).

Accordingly, it is hereby

ORDERED that plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) of

the Federal Rules of Civil Procedure [Dkt. #22] is DENIED.

    SO ORDERED.

                                          /s/
                                  JOHN D. BATES
                                  United States District Judge

Date:   October 10, 2007